# EXHIBIT B

Case 4:19-cv-04630 Document 1-2 Filed on 11/26/19 in TXSD Page 2 of 19

10/25/2019 5:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37988523
By: Nelson Cuero
Filed: 10/25/2019 5:13 PM

**2019-78356 / Court: 269**

CAUSE NO.

| | | |
|---|---|---|
| RICHARD AND PATRICIA GREENE | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY INSURANCE CO. | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

RICHARD AND PATRICIA GREENE ("Plaintiff"), complain of United Property & Casualty Insurance Co. ("Defendants") and respectfully shows as follows:

**I.**
**DISCOVERY CONTROL PLAN**

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

**II.**
**PARTIES AND PROCESS SERVICE**

RICHARD AND PATRICIA GREENE are individuals residing in Harris County, Texas. United Property & Casualty Insurance, Co. is an insurance company engaging in the business of insurance in Texas. This Defendant may be served with process by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Immediate Issuance of citation is requested at this time.

## III.
## JURISDICTION

Plaintiff seeks monetary relief over $1,000,000. excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

The court has jurisdiction over Defendant because Defendant engages in the business of insurance in Texas and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

Venue is proper in Harris County, Texas, because at least one Defendant resides and the communications related to the contract occurred in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

Our Client/Your Insured ("Client"):   RICHARD AND PATRICIA GREENE

Claim Number:                                       2017TX033348

Policy Number:             UTH02031060242

Date of Incident:          Hurricane Harvey

Location of Loss ("Property"):   622 FM 1942 Rd., Baytown TX 77521

Plaintiff owned certain real property with improvements and positioned valuable business property located at **622 FM 1942 Rd., Baytown TX 77521** (the "Property"), which was insured by Inland Marine Policy issued by Defendant **Policy No: UTH02031060242** ("Policy").

During Hurricane Harvey, the Plaintiff's property suffered extensive wind damage. Plaintiff subsequently made a claim and demand for payment with Defendant for damages to the Property by the terms of the Policy under claim number 2017TX033348 ("Claim").

Subsequent to Plaintiff making the Claim, Defendant assigned personnel to adjust Plaintiff's Claim. Defendant failed to comply with the Policy, the Texas Insurance Code, and Texas Law in handling Plaintiff's Claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim. Plaintiff has complied with any and all of Plaintiff's obligations under the Policy.

Defendant made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim. Defendant failed to thoroughly review and properly supervise the adjustment of the Claim, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant knowingly and intentionally overlooked damages at the Property and used their own inadequate and biased investigation as the basis for

erroneously denying a portion of Plaintiff's claim. Because of Defendant's conduct, Plaintiff's claim was underpaid and partially-denied.

Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

Defendant misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the

full and entire claims, in writing from Defendant. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.058.

From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

In the course and proper scope of its duty to Plaintiff, Defendants, by and through its employees and agents provided insurance for Plaintiff's Property for the benefit of Plaintiffs against damage by windstorm, hail, hurricane, and other perils or causes of loss.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT

Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.     Breach of Contract.

The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant's breach proximately caused Plaintiff injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.

Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

C.  **Prompt Payment Of Claims Violations.**

The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave Defendant. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a)  Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

b)  Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

c)  Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

D.  **Breach Of The Duty Of Good Faith And Fair Dealing.**

Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

## VIII.
## KNOWLEDGE

Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## IX.
## DAMAGES

Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

**BARTON LAW FIRM**

By:    */s/ Wayne D. Collins*
       WAYNE D. COLLINS
       State Bar No. 00796384

wcollins@bartonlawgroup.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900 – Facsimile

Case 4:19-cv-04630 Document 1-2 Filed on 11/26/19 in TXSD Page 13 of 19

10/25/2019 5:13:03 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37988523
By: CUERO, NELSON
Filed: 10/25/2019 5:13:03 PM

# CIVIL PROCESS REQUEST
## 2019-78356 / Court: 269

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiffs' Original Petition

**FILE DATE OF MOTION:** 10/25/2019
    Month/    Day/    Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:** United Property & Casualty Insurance Co.
   **ADDRESS:** 1999 Bryan Street, Suite 900, Dallas, Texas 75201
   **AGENT,** (if applicable): CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**
- [ ] **CONSTABLE**
- [x] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: ProActive Legal    Phone: _____
- [ ] **MAIL**
- [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
   Type of Publication:
   - [ ] **COURTHOUSE DOOR,** or
   - [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** explain _____

*********************************************************************************************
****

2. **NAME:** _____
   **ADDRESS:** _____
   **AGENT,** (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**
- [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____    Phone: _____
- [ ] **MAIL**
- [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
   Type of Publication:
   - [ ] **COURTHOUSE DOOR,** or
   - [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**
**NAME:** Daniel P. Barton    **TEXAS BAR NO./ID NO.** 00789774
**MAILING ADDRESS:** 1201 Shepherd Dr., Houston, Texas 77007
**PHONE NUMBER:** 713  227-4747    **FAX NUMBER:** 713  621-5900
    area code  phone number    area code  fax number
**EMAIL ADDRESS:** dbarton@bartonlawgroup.com

*Unofficial Copy Office of Marilyn Burgess District Clerk*



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 |
www.hcdistrictclerk.com

2019 78356

**Civil Process Pick-Up Form**

CAUSE NUMBER: 2019 78356

ATY _____    CIV ✓    COURT 269

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: Daniel P. Barton          PH: 713 227 4747

*CIVIL PROCESS SERVER: ProActive Legal          BOX: 30

*PH: 832 209 7760

*PERSON NOTIFIED SVC READY: Leorna

*NOTIFIED BY: **Nelson Cuero**

DATE: 10-28-2019

Type of Service Document: CITR   Tracking Number: 73689998
Type of Service Document: _____   Tracking Number: _____
Type of Service Document: _____   Tracking Number: _____
Type of Service Document: _____   Tracking Number: _____
Type of Service Document: _____   Tracking Number: _____

Process papers prepared by: *Nelson Cuero*

Date: Monday, October 28, 2019    30 days waiting  11 - 27 - 2019

*Process papers released to: _____
(PRINT NAME)

281 8275278
*(CONTACT NUMBER)                (SIGNATURE) **Kevin Childs**

*Process papers released by: _____
(PRINT NAME)

(SIGNATURE) **Kevin Childs**

* Date: 10-29-19, 2019   Time: 12:40  AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Revised 12-15-2014

Case 4:19-cv-04630 Document 1-2 Filed on 11/26/19 in TXSD Page 15 of 19

Marilyn Burgess - District Clerk Harris County
Envelope No. 38402283
By: F Abdul-Bari
Filed: 11/12/2019 8:38 AM
11/12/2019 8:38 AM

CAUSE NO. 201978356

RECEIPT NO. 0.00 CIV
********** TR # 73689998

PLAINTIFF: GREENE, RICHARD
vs.
DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY

In The 269th
Judicial District Court
of Harris County, Texas
269TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

55354-1

TO: UNITED PROPERTY & CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED
AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900 DALLAS TX 75201
Attached is a copy of **PLAINTIFFS' ORIGINAL PETITION**

This instrument was filed on the **25th day of October, 2019**, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 28th day of October, 2019, under my hand and
seal of said Court.

**Issued at request of:**
BARTON, DANIEL PATRICK
1201 SHEPHERD DRIVE
HOUSTON, TX 77007
Tel: (713) 227-4747
Bar No.: 789774

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CUERO, NELSON 7MM//11366806

**OFFICER/AUTHORIZED PERSON RETURN**

Came to hand at 9:37 o'clock A.M., on the 30TH day of October, 2019.
Executed at (address) 1999 Bryan Street Dallas, TX 75201 in
Dallas County at 2:05 o'clock P.M., on the 1ST day of November,
2019, by delivering to United Property & Casualty Ins. Co. Defendant, in person, a
true copy of this Citation together with the accompanying 1 copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 1ST day of November, 2019.

FEE: $ N/A

Steele Shepherd
of Tarrant County, Texas

Affiant By N/A Deputy

On this day, Steele Shepherd , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 1 day of NOV. , 2019

Crystal Lynn Polovina
Notary Public

CRYSTAL POLOVINA
Notary ID #129583869
My Commission Expires
October 4, 2021

H.INT.CITR.P              *73689998*

Steele Shepherd
PSC-12414
Exp- 4/30/2020

11/25/2019 7:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38757962
By: F Abdul-Bari
Filed: 11/25/2019 7:08 AM

## CAUSE NO: 2019-78356

| | | |
|---|---|---|
| **RICHARD AND PATRICIA GREENE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **269TH JUDICIAL DISTRICT** |

### DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant in the above-entitled and numbered cause, and files this, its Original Answer to Plaintiffs' Original Petition with Request for Disclosures, and would respectfully show unto the Court the following:

### I.
### GENERAL DENIAL

1. United Property & Casualty Insurance Company ("UPC" or "Defendant"), asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs Richard and Patricia Greene ("Greene" or "Plaintiffs") be required to prove their charges and allegations against United Property & Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

### II.
### DEFENSES

2. Defendant UPC denies that the required conditions precedent were performed and/or occurred.

4841-1534-6604.1

2

3. The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom UPC had no control, including but not limited to Plaintiffs, therefore, United Property is not liable to Plaintiffs.

4. United Property & Casualty Insurance Company issued a policy of insurance to Plaintiffs Richard and Patricia Greene bearing policy number UTH020310602 (the "Policy"), and UPC adopts its terms, conditions and exclusions as if copied *in extenso*.

5. The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

6. The Policy does not cover damages which occurred prior to policy inception.

7. The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.

8. The Policy requires direct, physical loss.

9. The Policy does not insure for loss caused directly or indirectly by flood or water that backs up through sewers or drains or overflows or is otherwise discharged from a sump, sump pump or related equipment. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

10. UPC is entitled to any credits or set-offs for prior payments by itself or other third parties.

11. To the extent that Plaintiffs' damages are determined to be the result of a failure by Plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

12. Plaintiffs' extra-contractual claims alleging bad faith fail because a *bona fide*

controversy existed and continues to exist concerning Plaintiffs' entitlement, if any, to insurance benefits.

13. To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

14. Plaintiffs' extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiffs' underlying insurance claim is necessary to establish any basis for Plaintiffs' extra-contractual, Insurance Code claims. Because Plaintiffs' allegations are generally based on UPC's alleged failure to investigate the clam and pay policy benefits, the existence of any applicable exclusions precludes Plaintiffs' extra-contractual, Insurance Code claims.

### III.
### REQUEST FOR DISCLOSURES

14. Pursuant to Rule 194, Plaintiffs are requested to disclose the information or material described in Rule 194 of the Texas Rules of Civil Procedure.

### IV.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY respectfully prays that Plaintiffs RICHARD and PATRICIA GREENE take nothing by their suit, that Defendant recover costs, and for such other and further relief, both at law and in equity, to which UNITED PROPERTY & CASUALTY INSURANCE COMPANY may be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/ s / Sarah Smith*

Sarah R. Smith
Texas Bar No: 24056346
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax: (713) 759-6830
sarah.smith@lewisbrisbois.com

**ATTORNEY FOR DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above pleading was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 25th day of November, 2019.

Wayne D. Collins                *Via Eserve*
Daniel P. Barton
Barton Law Firm
1201 Shepherd Drive
Houston, Texas 77007
wcollins@bartonlawgroup.com
dbarton@bartonlawgroup.com
*Attorneys for Plaintiff*

*/s/ Sarah R. Smith*
Sarah R. Smith

4841-1534-6604.1                    4